*1128 OPINION
By the Court,
Springer, J.:
This is an appeal from judgments of conviction entered against *1129 appellant Randall Batt, on jury verdicts, for two felonies and one gross misdemeanor, namely: third-degree arson, a felony (NRS 205.020); destruction of timber by fire caused by gross negligence, a felony (NRS 475.040 and NRS 193.155); and conspiracy to possess or use fireworks, a gross misdemeanor (NRS 199.480).
We reverse Batt’s conviction for third-degree arson. Batt cannot be convicted of this crime unless the evidence were to show that he “willfully and maliciously” caused “the burning of . . . [a]ny timber, forest ... or other flammable material not his own.” NRS 205.020. There is insufficient evidence in this case for the jury to have concluded that Batt caused the fire in question and absolutely no evidence that Batt acted “willfully and maliciously” in any regard.
We reverse Batt’s conviction under NRS 475.040 for causing a forest fire by “gross negligence,” because, as a matter of law, Batt’s conduct does not constitute gross negligence.
We affirm the gross misdemeanor conviction for conspiracy to possess or use fireworks because Batt did not argue in this appeal for reversal of this conviction.
The prosecution of this case arose out of a disastrous fire that was accidentally set by Batt’s female companion, Elizabeth Whitington, who caused the fire when she set off a firework on Peavine Mountain.
Batt and Whitington decided to go on an outing together on Batt’s motorcycle. Whitington carried with her a backpack containing sandwiches, drinks and a firework device. Whitington became annoyed because she thought that Batt was going too fast. Batt stopped the motorcycle, and Whitington dismounted. Whitington decided (quite wrongly) that the place where the couple stopped was a safe place for her to ignite her firework. At a point some thirty to thirty-five feet away from where Batt was standing with his motorcycle, Whitington lit the firework with a cigarette lighter. As she was doing this, according to the testimony of both Batt and Whitington, Batt protested, saying to Whitington that this was not the time or place for her to ignite her firework. As Batt put it, Whitington was “stubborn” and went ahead anyway to carry out her decision to light the firework.[1]

*1130
THIRD-DEGREE ARSON

On the facts of this case, to be guilty of third-degree arson, under NRS 205.020, Batt must have “willfully and maliciously set[ ] fire to or burn[ed] or cause[d] to be burned . . . [a]ny timber, forest, shrubbery, crops, grass [or] vegetation.” Although it is plain that it was Batt’s companion Whitington who, “on her own” lit the firework and negligently caused the timber “to be burned,” the charges in the arson indictment do not distinguish between Whitington and Batt and accuse them both “in joint participation” of “willfully, unlawfully and maliciously causing] to be burned the property of another.” As discussed in the margin, the State did not charge Batt with aiding or abetting Whitington or with counseling, encouraging, commanding or inducing, or otherwise procuring Whitington to commit a criminal act. The State charges Batt with being a joint perpetrator,[2] charging joint “participation” with Whitington in the actus reus of this crime. The State charged Batt with being what at common law would be a principal in the first degree and what is described in NRS 195.020 as the person who “directly commits the act constituting the offense.” The State charged that Batt himself (in “joint participation” with Whitington) “did willfully, unlawfully, and maliciously cause to be burned the property of another.” There is no evidence that Batt himself burned anything or “caused” anything to be burned; and, even if there were some proof that would causally connect Batt’s conduct with this forest fire, there is absolutely nothing to suggest that he intended to burn the forest or that he did anything that even remotely suggests malice or willfulness on his part. Apparently, Batt “just stood there” as Whitington lit the firework. At the very worst, Batt condoned Whitington’s negligence. This is a far-cry, indeed, from “willfully and maliciously” burning the forest. Absent the *1131 required malice and willfulness, Batt cannot be convicted of arson; so we reverse that conviction.[3]

“CAUSING” FIRE BY “GROSS NEGLIGENCE”

Batt stands convicted of NRS 475.040.[4] To be guilty of this crime Batt must have lit a fire or set a fire in a manner that was grossly negligent. There is no evidence that Batt set off the damaging firework either by himself or “jointly” with Whitington. Whitington’s uncontradicted testimony makes it clear that she was the one that did the deed. At the most, the prosecutor argued only a “conspiracy to possess” and that “Mr. Batt knew that . . . they would light off the fire cracker.” Although there is no direct evidence that Batt knew that Whitington was going to light the fire cracker, even if there were, this would not be sufficient to support a finding that Batt had committed gross negligence jointly with Whitington when she set off the firework. In other words, Batt could have known or suspected that at some juncture, at some time or place, during their motorcycle ride Whitington was going to set off the firework in her possession; but his knowledge would not necessarily mean that he knew that she was going to set off the firework at that particular hazardous time and place. Even if the jury had *1132 accepted the prosecutor’s argument as being true, this would not have justified a finding of Bait’s gross negligence under the particular circumstances of this case.
Whitington is the one who set the fire and, quite possibly, set the fire “with gross negligence.”[5] Whitington’s negligence or gross negligence cannot be imputed to Batt, however. Batt cannot be held criminally liable vicariously for Whitington’s gross negligence in setting the forest on fire.[6]
Because there is no evidence that Batt conducted himself in a manner that falls within the definition of “gross negligence,” his conviction for violation of NRS 475.040 is reversed.
Steffen, C. J., and Young, Shearing and Rose, JJ., concur.

Whitington admits that it was she who lit the firework, but the State mentions in its brief that Batt had told another person that the couple “had been lighting fireworks on Peavine that day.” The quoted phrase from the State’s brief is not necessarily contradictory of Whitington’s version of the facts and is cited from the closing argument of the prosecutor rather than from testimony in the record. We assume, then, for the purposes of this opinion, that the testimony of Whitington and Batt was correct and that Whitington was the person who actually ignited the firework.

A “perpetrator” is someone whose criminal liability can be established independently of all other parties. At common law, parties to felonies were differentiated as principals in the first and second degree and accessories before and after the fact. A principal in the first degree was the perpetrator, the primary actor, the person who engaged personally in the act or omission proscribed by law. A principal in the second degree was one who aided or abetted the commission of a felony and was present at the perpetration of the crime. The common law distinction between principals in the first and second degree has been abrogated by NRS 195.020; and a principal may be either the person who “directly commits the act constituting the offense” (the perpetrator) or one who “aids or abets in its commission” or who “counsels, encourages, hires, commands, induces or otherwise procures another to commit [a crime].” In this case the State charged Batt with being what would be at common law a principal in the first degree, that is to say one who, as it was put in the arson indictment, “in joint participation” with Whitington “willfully, unlawfully and maliciously caused to be burned the property of another.”

We do not find it necessary to discuss in depth the meaning of the words “willful” or “malicious” as they are employed in the third-degree arson statute because it does not appear from the evidence that Batt caused the fire either alone or “in joint participation” with Whitington. We would, however, point out that to be guilty of malicious arson a fire must be caused intentionally or by design, rather than accidentally or carelessly as was the case here. A “willful” act is an act done intentionally, not accidentally. See State v. Nelson, 561 P.2d 1093, 1096 (Wash. Ct. App. 1977). We also decline to discuss the State’s contention that Batt can be held “vicariously liable” for Whitington’s act under some kind of loosely-assembled “conspiracy” theory. Conspiracy is a separate crime, of itself, and the State did not charge Batt with conspiracy to commit third-degree arson. Batt naturally geared his defense to the charge — that “in joint participation” with Whitington he had “set[] fire to” a forest. It is unthinkable that the State should now be permitted to contend that Batt is subject to conviction for agreeing or “conspiring,” with malice, to burn the forest. The State relies on conspiracy charges in Count III of the indictment, which relates only to an agreement to possess or use fireworks, a misdemeanor. Obviously, this arson conviction cannot be based on uncharged conspiracy allegations.

NRS 475.040 provides:
Every person who, with gross negligence, lights a fire for any purpose along the road through any woodland, or upon the same, or at any other place in the open, and thereby, or by any other means, sets fire to any growing timber or forest, shrubbery, crops, grass or vegetation, and thereby causes the destruction of any timber, forest, crops, grass, vegetation or property not his [or her] own, is guilty of a public offense

In Hart v. Kline, 61 Nev. 96, 116 P.2d 672 (1941), we said that “[g]ross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a prudent man” and that the difference between ordinary negligence and gross negligence is that they “differ in the degree of intention.” Id. at 101, 116 P.2d at 674. Gross negligence is substantially higher in magnitude than ordinary negligence. Gross negligence is manifested by the absence of even slight diligence or want of even scant care, or a heedless and palpable violation of legal duty respecting rights of others. See Town of Big Stone Gap v. Johnson, 35 S.E.2d 71, 73 (Va. 1945).
A party is ‘grossly or wantonly negligent’ if he acts or fails to act when he knows or has reason to know facts which could lead a reasonable person to realize that his conduct not only creates unreasonable risk of bodily harm to others but also involves high probability that substantial harm will result.
Walls v. Arizona Dept. of Public Safety, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991).
Batt warned Whitington that “this is not the time and place” to set off fire works. Batt noted that Whitington was “stubborn” and that she lit the firework anyway. Whitington’s conduct might possibly be called gross negligence, but not Batt’s conduct.

Vicarious liability, whether in tort or criminal law, is derivative liability necessarily based on some sort of status relationship between the accused and the primary actor, such as that of employer-employee. No such relationship exists here; and criminal liability of Batt must rest on his gross negligence and not on Whitington’s.