DEWEY DAVIS, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK; and THE HONORABLE DOUGLAS W. HERNDON, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 62260

February 14, 2013                                294 P.3d 415

*Nguyen & Lay* and *Rochelle T. Nguyen*, Las Vegas, for Petitioner.

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Real Party in Interest.

Before PICKERING, C.J., HARDESTY and SAITTA, JJ.

## OPINION

*Per Curiam:*

In this original writ proceeding, we consider whether facsimile service of a notice of intent to seek an indictment constitutes adequate service under NRS 172.241(2). We conclude that it does, as NRS 172.241(2) does not require personal service and NRS 178.589(1) permits facsimile transmission of motions, notices, and other legal documents where personal service is not required. We therefore deny the petition.

### FACTS AND PROCEDURAL HISTORY

Petitioner Dewey Davis is awaiting trial on multiple counts of robbery with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, conspiracy to commit robbery, and burglary while in possession of a firearm. From the documents submitted, it appears that a criminal complaint was filed against Davis on March 16, 2011. Thereafter, he was represented by at least two counsel who were later allowed to withdraw from their

representation. On August 25, 2011, Richard Tannery was appointed to represent Davis. Notice of the appointment was served on Tannery that day, with confirmation of the appointment apparently occurring on the following day, August 26, 2011. A notice of intent to seek an indictment was served by facsimile transmission to Tannery's office on August 25, 2011. The grand jury met in August and September 2011 and April 2012, ultimately returning an indictment against Davis. Davis subsequently filed a motion to dismiss the indictment because, among other things, he was not provided reasonable notice because NRS 172.241(2) requires personal service of the grand jury notice and the notice did not include the date, time, and place of the grand jury hearing. The district court denied the motion, and this original petition for a writ of mandamus followed.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *see Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981); *see State v. Dist. Ct. (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary or capricious exercise of discretion in context of mandamus). The writ will not issue, however, if a petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. Ultimately, the decision to entertain an extraordinary writ petition lies within our discretion, and we must "consider[ ] whether judicial economy and sound judicial administration militate for or against issuing the writ." *Redeker v. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hildalgo v. Dist. Ct.*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008). "Where the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction, this court may exercise its discretion to consider a petition for extraordinary relief." *Schuster v. Dist. Ct.*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007). Because the petition raises an important matter that needs clarification, we exercise our discretion to consider its merits. Further, we have concluded that a writ of mandamus is an appropriate remedy for inadequate notice of a grand jury hearing. *Solis-Ramirez v. District Court*, 112 Nev. 344, 347, 913 P.2d 1293, 1295 (1996).

In his petition, Davis argues that the State's facsimile service of the grand jury notice was inadequate under NRS 172.241(2) be-

cause that statute requires personal service and therefore the district court exercised its discretion in an arbitrary and capricious manner in denying his motion to dismiss the indictment. " 'Generally, when the words in a statute are clear on their face, they should be given their plain meaning unless such a reading violates the spirit of the act.' " *Speer v. State*, 116 Nev. 677, 679, 5 P.3d 1063, 1064 (2000) (quoting *Anthony Lee R., A Minor v. State*, 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997)). The plain language of NRS 172.241(2) provides in relevant part that "reasonable notice" shall be served "upon a person whose indictment is being considered by a grand jury" and "[t]he notice is adequate if it: (a) [i]s given to the person, the person's attorney of record or an attorney who claims to represent the person."

In legal usage, "personal service" has a distinct meaning— "[a]ctual delivery of the notice or process to the person to whom it is directed." *Black's Law Dictionary* 933 (7th ed. abridged 2000). Several Nevada statutes expressly require that notices regarding a variety of matters must be accomplished by "personal service" or some other specified means when personal service cannot be accomplished. *See, e.g.*, NRS 107.085(3) (relating to trust agreements concerning real estate; requiring "personal service" of notice of sale to grantor or title holder unless personal service cannot be timely effected); NRS 159.0475(1) (relating to guardianship proceedings and identifying methods of service of citations to appear at guardianship hearing, included certified mail and "[p]ersonal service in the manner provided pursuant to NRCP 4(d)"); NRS 283.180 (relating to impeachment of public officers; requiring that service of notice to appear and answer articles of impeachment "shall be made upon the defendant personally"); NRS 696B.200(2) (relating to delinquent insurers requiring that "personal service of process shall be made as in other civil actions" when action involves in-state insurers). Nothing in the plain language of NRS 172.241(2) requires personal service upon the person who is the subject of the indictment. Had the Legislature intended to require personal service, it could have expressly done so as it has in other statutes. Because the Legislature did not, we conclude that NRS 172.241(2) does not mandate personal service of the grand jury notice.

Where, as here, personal service is not required, NRS 178.589(1) provides that a person represented by counsel may be served with any motion, notice, or other legal document by facsimile transmission if "(a) [t]he document is transmitted to the office of the attorney representing the person; and (b) [t]he facsimile machine is operational and is maintained by the attorney

representing the person or the employer of that attorney." Here, the documents before us indicate that Tannery was appointed to represent Davis on August 25, 2011, and the State faxed the grand jury notice to Tannery's office that day.[1] Although Tannery may have discovered the grand jury notice at a later time, that circumstance is irrelevant because the notice was properly served upon facsimile transmission that satisfies NRS 178.589(1). And while Davis argues generally that the unreliability of facsimile service makes that method inadequate, nothing in his submissions indicates that the facsimile machine was not operational.

As to Davis's contention that the grand jury notice was deficient because it failed to inform him of the date, time, and place of the grand jury hearing, we disagree. NRS 172.241(2)(b) provides that a grand jury target may testify before the grand jury if he "submits a written request to the district attorney and includes an address where the district attorney may send a notice of the date, time and place of the scheduled proceeding of the grand jury." Therefore, the State is not required to include date, time, and place in the grand jury notice but must forward that information only upon the grand jury target's written request.

Because we conclude that the district court did not manifestly abuse its discretion or exercise its discretion in an arbitrary or capricious manner by denying Davis's motion to dismiss the indictment, we deny the petition.

---

[1]To the extent Davis argues that the grand jury notice was deficient because he did not receive it from the State or Tannery, his claim lacks merit as the notice may be served on counsel. *See* NRS 172.241(2)(a).