**136 Nev., Advance Opinion 23**

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
KATHLEEN M. DRAKULICH,
DISTRICT JUDGE,
Respondents,
  and
DAVID CHARLES RADONSKI,
Real Party in Interest.

No. 79452

**FILED**

APR 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition or mandamus in a criminal action charging real party in interest David Charles Radonski with several counts of first- and third-degree arson.

*Petition denied.*

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Appellate Deputy District Attorney, Washoe County,
for Petitioner.

John L. Arrascada, Public Defender, John Reese Petty, Chief Deputy Public Defender, and Jordan A. Davis, Deputy Public Defender, Washoe County,
for Real Party in Interest.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-16340

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

The State has charged real party in interest David Charles Radonski with multiple counts of arson in connection with the July 2018 Perry Fire, which destroyed or severely damaged several structures and resulted in the expenditure of millions of dollars in fire suppression costs. At issue in this case is the level of *mens rea* the State must prove to convict Radonski of arson. The State argues that it must prove only that Radonski willfully and unlawfully started a fire in disregard of the likely harmful consequences of his conduct. Radonski argues that the State must prove that he specifically intended to cause harm emanating from his conduct. The district court concluded that Nevada's criminal arson statutes require the State to prove a specific intent to harm in addition to a volitional act. We agree with the district court. Nevada's arson statutes plainly require the State to prove that Radonski "willfully and maliciously" caused a fire, which means the State must prove that Radonski engaged in volitional conduct coupled with a specific intent to harm. Therefore, we deny the State's petition.

*FACTS AND PROCEDURAL HISTORY*

The State arrested Radonski in connection with the July 2018 Perry Fire that burned over 51,000 acres near Pyramid Lake, north of Reno. The Perry Fire burned over the course of several days and consumed or damaged 13 victim properties at a suppression cost of $4.8 million. The State charged Radonski with two counts of first-degree arson (NRS 205.010), two counts of third-degree arson (NRS 205.020), and one count of

 

destruction by fire of timber, crops, or vegetation (NRS 475.040). Only the arson counts are at issue here.

Radonski admitted that he caused the fire by shooting fireworks near the desert area where the fire began. He claimed that he had tried to shoot a Roman candle toward a concrete structure but that the firework instead ignited desert brush nearby. He also claimed that he unsuccessfully tried to put the fire out with water from a water bottle and by covering the fire with dirt. Although he admitted to lighting the fireworks and causing the fire, Radonski pleaded not guilty to the charges against him.

The State preliminarily moved the district court to determine the appropriate jury instructions for the *mens rea* elements of arson and argued that arson may be charged as either a specific-intent or a general-intent crime. Explaining to the court that it had charged Radonski under a general-intent theory of arson, the State argued that Radonski could be liable for arson if he merely intended to commit the proscribed act of starting a fire, regardless of whether he intended to cause resulting harm. The State relied primarily on California caselaw for its argument, reasoning that California's arson statute "is identical" to Nevada's, and that because this court had not yet addressed arson's *mens rea* element, the district court should be guided by other jurisdictions interpreting arson as a general-intent crime.

The State proposed the following jury instruction for the "maliciously" element of arson:

> [A] person acts "maliciously" if he either (1) acts with specific intent to injure the property burned, or (2) willfully causes a fire without legal justification, with awareness of facts that would

SUPREME COURT
OF
NEVADA

(O) 1947A

lead a reasonable person to realize that the direct, natural and highly probable consequence of igniting and shooting a roman candle or other firecracker under the circumstances . . . would be the burning of the property.

Radonski challenged the State's proposed jury instruction and countered that arson requires the State to prove the defendant's specific intent to harm, not merely the intent to act, and that he could not be liable for arson as a result of accidentally or carelessly starting a fire that subsequently harmed property. Radonski relied on *Batt v. State*, 111 Nev. 1127, 1130-31, 901 P.2d 664, 666 (1995), and *Ewish v. State*, 110 Nev. 221, 228, 871 P.2d 306, 311 (1994), for his argument that arson is a specific-intent crime in Nevada, and he argued that Nevada's arson statutes plainly require the State to prove a volitional act coupled with the intent to cause harm.

After a hearing on the State's motion, the district court determined that arson is a specific-intent crime based on NRS 193.0175's definition of "maliciously." The district court also relied on the *Ewish* decision in concluding that this court "has clearly stated that the lack of specific intent is a sufficient defense to arson" and that arson is a specific-intent crime. The district court ordered that the jury in Radonski's trial would be instructed accordingly.

The State unsuccessfully moved the district court to reconsider its order, arguing that to the extent *Ewish* indicated that arson is a specific-intent crime, it did so only in the context of aiding and abetting the crime of arson. The district court rejected the State's argument and denied its motion to reconsider. The district court stayed the proceedings below pending resolution of the State's petition addressed here.

## DISCUSSION

The State's petition challenges the district court's order denying the State's proposed jury instruction. The State requests that this court compel the district court to instruct the jury that arson is, or may be charged as, either a general-intent or a specific-intent crime, based on authorities from other jurisdictions and the common-law understanding of arson as a general-intent crime. Because it cannot appeal from a final judgment or verdict in a criminal action, NRS 177.015(3), the State argues that it lacks an adequate remedy such that mandamus relief is appropriate.[1] Radonski does not object to this court's entertaining the State's petition, but argues that the district court's conclusions were correct and should not be disturbed.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160. A writ will not issue if the petitioner has "a plain, speedy and adequate remedy [at] law." NRS 34.170. "[M]andamus is an extraordinary remedy, and it is within the discretion of this court to determine if a [mandamus] petition will be considered." *State v. Eighth Judicial Dist. Court (Taylor)*, 116 Nev. 374, 379-80, 997 P.2d 126, 130 (2000). This court has exercised its discretion to entertain a mandamus petition where the State could not appeal the challenged trial court order in

---

[1]Acknowledging our order of October 24, 2019, in which we explained that "a petition for a writ of prohibition is the wrong vehicle to challenge the district court's decision denying the State's request for a general intent jury instruction," the State clarified in its reply brief that it seeks only mandamus relief. *State v. Radonski*, Docket No. 74592, at *1 n.1 (Order Directing Answer and Reply, Oct. 24, 2019).

 

a criminal case. *Id.* (entertaining the State's mandamus petition where the State could not appeal the district court's order granting a motion to strike an amended information). This court has also granted extraordinary writ relief in a criminal action where "a proposed [jury] instruction [was] manifestly incorrect as a matter of law." *State v. Second Judicial Dist. Court (Garcia)*, 108 Nev. 1030, 1034, 842 P.2d 733, 735-36 (1992). And where a petition raises "an important issue of law requir[ing] clarification[,] . . . this court may exercise its discretion to consider a petition for extraordinary relief." *Davis v. Eighth Judicial Dist. Court*, 129 Nev. 116, 118, 294 P.3d 415, 417 (2013).

We agree that the State lacks an adequate remedy at law in this case. The State cannot appeal to challenge a jury verdict that is based on an incorrect theory of the crime of arson. *See* NRS 177.015. Additionally, the State's petition warrants our consideration because it raises an important legal question requiring us to clarify the *mens rea* the State must prove to convict a defendant of "willfully and maliciously" causing a fire under Nevada's arson statutes, NRS Chapter 205.010-.025 (defining the four degrees of arson). Accordingly, we exercise our discretion to address the merits of the State's petition.

The sole question raised here is whether Nevada's arson statutes require the State to prove that Radonski merely intended to light a firework in disregard of the risk of likely harmful consequences of his act, or whether the State must prove that he intended *harm* as a result of lighting the firework. The question requires us to interpret NRS 205.010 and NRS 205.020, which define both first- and third-degree arson, respectively, as "willfully and maliciously set[ting] fire to or burn[ing] or

 

caus[ing] to be burned" any property, whether the property belongs to the person charged or to another.[2]

"Generally, when the words in a statute are clear on their face, they should be given their plain meaning unless such a reading violates the spirit of the act." *Davis*, 129 Nev. at 119, 294 P.3d at 417 (internal quotation marks omitted). "[E]very word, phrase, and provision of a statute is presumed to have meaning." *Butler v. State*, 120 Nev. 879, 893, 102 P.3d 71, 81 (2004). "A statute's express definition of a term controls the construction of that term no matter where the term appears in the statute." *Williams v. Clark Cty. Dist. Attorney*, 118 Nev. 473, 485, 50 P.3d 536, 544 (2002).

"In every crime or public offense there must exist a union, or joint operation of act and intention, or criminal negligence." NRS 193.190. "A person who willfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any . . . [d]welling house or other structure or . . . [p]ersonal property . . . is guilty of arson in the first degree . . . ." NRS 205.010. Third-degree arson also requires that a person "willfully and maliciously set[ ] fire to or burn[ ] . . . property." NRS 205.020. "Maliciously" is defined in NRS 193.0175 as "import[ing] an evil intent, wish or design to vex, annoy or injure another person."

By their plain language, Nevada's arson statutes punish willful *and* malicious conduct. The statutes' use of the word "and" to join "willfully"

---

[2]Although the State has charged Radonski with first- and third-degree arson under NRS 205.010 and NRS 205.020, our analysis and interpretation of "willfully and maliciously" burning property also applies to the phrase "willfully and maliciously" as used in the definitions of second- and fourth-degree arson in NRS 205.015 and NRS 205.025.

with "maliciously" conveys that the terms are distinct and independent, and that the State must establish both willfulness and malice. There is no basis to conclude that we should interpret the terms synonymously. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 236 (2011) (observing that the word "and" is a coordinating conjunction meant to link independent ideas); *United States v. Hassouneh*, 199 F.3d 175, 180-81 (4th Cir. 2000) (explaining that to ascribe the same meaning to the words "willfully" and "maliciously" would be impermissibly redundant, because "willfully [by itself], does not necessarily embrace any evil purpose but comprehends merely a voluntary and conscious" act (quoting *United States v. White*, 475 F.2d 1228, 1233 n.6 (4th Cir. 1973))); 6A C.J.S. *Arson* § 10 (2016) ("'[W]illfully' and 'maliciously' as employed in some statutes defining arson, denote distinct ideas, and some courts or particular statutes emphasize the necessity of the existence of 'malice' in addition to 'willfulness.'"). A defendant acts "willfully" when the defendant acts deliberately, as opposed to accidently: "The word 'willful' when used in criminal statutes with respect to proscribed conduct relates to an act or omission which is done intentionally, deliberately or designedly, as distinguished from an act or omission done accidentally, inadvertently, or innocently." *Robey v. State*, 96 Nev. 459, 461, 611 P.2d 209, 210 (1980). Liability for arson will not attach where the defendant acts willfully but without malice; the statute requires a volitional act with an "evil intent." Hence, "[a]bsent the required malice and willfulness, [a defendant] cannot be convicted of arson." *Batt*, 111 Nev. at 1130-31, 901 P.2d at 666. To interpret the arson statute otherwise is to ignore its plain and unambiguous language.

The Nevada Legislature has defined "maliciously" as "import[ing] an *evil* intent, wish or design to vex, annoy or injure another

person." NRS 193.0175 (emphasis added). The Legislature's definition expressly requiring an evil intent to harm or injure indicates that liability for arson requires more than merely a general intent to start a fire. Because arson is punished as a willful and malicious burning of property, there is simply no way around the conclusion that liability for arson requires the State to prove that a defendant's willful or deliberate conduct also involved an "evil intent . . . to vex, annoy or injure" property, that is, a specific intent to harm, not merely a general intent to perform a prohibited act. *Id.*; *see Glegola v. State*, 110 Nev. 344, 347, 871 P.2d 950, 952 (1994) (explaining that NRS 201.255(2)'s "with intent to annoy another" language "indicates that a specific intent is an element of the offense"). To the extent that arson proscribes a willful (volitional) act of setting fire to or burning property, coupled with a malicious state of mind, or an "evil intent" to harm or injure, arson may be described as a specific-intent crime.

Courts in other jurisdictions with statutes that define arson as willfully causing a fire with the intent to cause harm have concluded, as we do, that arson is a specific-intent crime. As the Supreme Judicial Court of Massachusetts explained, "[I]n jurisdictions where arson has been declared a specific intent crime, the statutes have been drafted or amended to achieve that end." *Commonwealth v. Pfeiffer*, 121 N.E.3d 1130, 1140-41 (Mass. 2019) (discussing *Keats v. State*, 64 P.3d 104, 107 (Wyo. 2003) (holding that arson is a specific-intent crime because it requires a malicious burning with intent to destroy or damage an occupied structure), and *Holbrook v. State*, 772 A.2d 1240, 1248 (Md. 2001) (concluding that arson in Maryland is a specific-intent crime because the Maryland Legislature defined "maliciously" "as an act done with intent to harm a person or property" (internal quotation marks omitted))), *cert. denied*, ___ U.S. ___,

___ S. Ct. ___ (2019). Nevada's definition of "maliciously" as "an evil intent" to injure compels the conclusion that the State must prove a defendant's specific intent to harm.

In *Ewish*, 110 Nev. at 228, 871 P.2d at 311, this court indicated that arson is a specific-intent crime, observing that a defendant had "claimed that due to his voluntary intoxication, he could not have formed the requisite specific intent necessary to commit arson." The State attempts to distinguish *Ewish* by arguing that because the *Ewish* defendants were charged under a theory of accomplice liability, the court's discussion of specific intent referred not to the elements of arson but to the culpability required for aiding and abetting arson. Alternatively, the State urges this court to overturn *Ewish*, arguing that the court in that decision erred in determining that arson is a specific-intent crime. The State relies on California caselaw and authority from the United States Court of Appeals for the Ninth Circuit for its argument that *Ewish* should be overturned. We are not persuaded by the State's arguments.

First, the court's reference in *Ewish* to specific intent was not limited to the charges brought against the defendants in that case for aiding and abetting. In *Ewish*, three defendants were charged with two counts of arson, two counts of murder with a deadly weapon, and nine counts of attempted murder with a deadly weapon after they threw Molotov cocktails at two different homes, resulting in the deaths of two people. *Id.* at 223-24, 871 P.2d at 308. One of the defendants, Webb, "took the stand and admitted that he threw" one of the Molotov cocktails. *Id.* at 224, 871 P.2d at 308. Webb claimed as his "sole defense . . . that he was too intoxicated to form the specific intent necessary to commit arson." *Id.* at 224, 871 P.2d at 309. Ewish, on the other hand, claimed that "he could not have formed the

specific intent necessary to *aid in and abet murder or arson.*" *Id.* (emphasis added). This court's conclusion that Webb presented "a viable defense to [the] specific intent crime" of arson specifically applied to Webb's defense against the arson charge in spite of his admittedly causing the fire, not to Ewish's defense against the charge of aiding and abetting. *Id.* at 228, 871 P.2d at 311. The court quite clearly analyzed Webb's and Ewish's defenses as separate and distinct, describing "the weak nature of appellants' *respective defenses* (voluntary intoxication and lack of capacity to form specific intent for aiding and abetting)." *Id.* at 235, 871 P.2d at 316 (emphasis added). The State is incorrect to argue that *Ewish*'s description of arson as a specific-intent crime was limited to an aiding-and-abetting theory under which the defendants were charged in that case.

Second, the authorities that the State argues support overturning *Ewish* are inapposite here. The State posits that under *United States v. Doe*, 136 F.3d 631, 635-36 (9th Cir. 1998), arson is a general-intent crime and *Ewish* was wrongly decided to the extent it concluded otherwise. The United States Court of Appeals for the Ninth Circuit in *Doe*, however, interpreted the federal arson statute, which included the phrase "willfully and maliciously," but, unlike Nevada's statute, lacked any definitions for those terms. *Id.* at 634 (internal quotation marks omitted). The court in *Doe*, lacking any congressional definition for "willfully and maliciously," based its conclusion that arson is a general-intent crime on its reading of the common-law definition of arson, which the dissenting judge in that case described as "a profound misunderstanding of the common law." *Id.* at 638 (Fletcher, J., dissenting). Because the federal statute interpreted by the *Doe* court fundamentally differs from Nevada's, which explicitly defines

"maliciously" as "import[ing] an evil intent," *Doe*'s reasoning is unpersuasive in this case.

The State also relies heavily on California caselaw to support its argument that arson is a general-intent crime and that it need only prove that Radonski generally intended to unlawfully cause a fire in disregard of likely harmful results in order to convict Radonski of arson. The State relies on California authority because it apparently reads California's statute to be "identical" to Nevada's. There are, however, critical differences between Nevada's statute and our sister state's. While NRS 193.0175 defines "maliciously" as "import[ing] an evil intent, wish or design to vex, annoy or injure," California defines "maliciously" as "import[ing] a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." Cal. Penal Code § 7(4) (West Supp. 2019). California's definition makes no mention of an "evil" intent, as Nevada's definition does. An "evil" intent involves more than the intent to commit an unlawful act; it is the intent to act in a way that causes harm. *See Evil-Minded, Black's Law Dictionary* (11th ed. 2019) (defining "evil-minded" as "immoral and cruel in such a way as to be likely to cause harm or injury").

Not only does California's definition of "maliciously" lack Nevada's qualifier that the intent be "evil," but it also expressly defines the mental culpability for "maliciously" in alternative general terms, i.e., the "intent to do a wrongful act." Cal. Penal Code § 7(4) (West Supp. 2019). Nevada's statute permits an *inference* of malice based on "an act wrongfully done without just cause or excuse," but it does not define "malice" as such. NRS 193.0175. It is this distinction that renders the State's proposed jury instruction an incorrect statement of the law. Accordingly, the State's

SUPREME COURT
OF
NEVADA

(O) 1947A

reliance on California authority to interpret Nevada's arson statute is misplaced. The State has offered no other "compelling" "weighty and conclusive reasons" to overturn this court's holding in *Ewish* that arson is a specific-intent crime. *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (internal quotation marks omitted).

In short, the plain language of Nevada's arson statute clearly and unambiguously requires the State to prove that a destructive burning was caused by willful *and* malicious conduct. Nevada's criminal statutes define "maliciously" as more than the intent to do a wrongful act; malice equates with an evil intent to cause harm. We are not at liberty to reach beyond the plain language of the statute. *See Cabrera v. State*, 135 Nev., Adv. Op. 65, 454 P.3d 722, 724 (2019) ("[W]hen a statute is clear on its face, a court can not go beyond the statute in determining legislative intent." (internal quotation marks omitted)). To be sure, the statute permits an inference of malice where an act is "done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty." NRS 193.0175. That malice, the specific intent to harm, may be inferred from the circumstances surrounding an act does not relieve the State of its burden to prove that the act was done with the specific intent to harm or injure. The statute merely allows the specific intent to harm to be inferred when it is not expressly manifested, as is often the case. *See Washington v. State*, 132 Nev. 655, 662, 376 P.3d 802, 808 (2016) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime." (alteration in original) (internal quotation marks omitted)). The

district court therefore properly rejected the State's proffered jury instruction.

## CONCLUSION

The district court determined that arson is a specific-intent crime and ordered that the jury in Radonski's trial would be instructed accordingly. In light of the foregoing, we conclude that the district court was correct, and we deny the State's petition.

_____, J.
Parraguirre

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A