# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRELLGAS, INC., A FOREIGN
CORPORATION; MARIO GONZALEZ;
AND CARL KLEISNER,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOANNA KISHNER, DISTRICT
JUDGE,
Respondents,
    and
JOSHUA GREEN, AN INDIVIDUAL,
Real Party in Interest.

No. 82670

FILED

JAN 2 7 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging a district court order upholding the discovery commissioner's recommendation that an examination of real party in interest's psychological condition proceed with an observer present and an audio recording.

Petitioner Ferrellgas, Inc. (Ferrellgas), argues that the district court manifestly abused its discretion by finding that Joshua Green, real party in interest, showed good cause for an observer's presence and an audio recording at his NRCP 35 psychological examination. *See* NRCP 35(a)(3), (4)(B). Ferrellgas contends that the district court erroneously concluded that good cause existed for permitting both an observer and audio recording

on the ground that Green did not have a doctor-patient relationship with the examining doctor.

The decision to entertain a writ petition is discretionary. *Davis v. Eighth Judicial Dist. Court*, 129 Nev. 116, 118, 294 P.3d 415, 417 (2013). We "may issue a writ of mandamus . . . where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009) (internal quotation marks omitted). "A manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (internal quotation marks omitted).

Here, the district court erroneously concluded that Green showed good cause under NRCP 35 based on a lack of a "medical provider-patient relationship" between Green and the examining doctor. The district court cited no legal authority to support its conclusion that the lack of a doctor-patient relationship between the NRCP 35 examiner and examinee establishes good cause for an observer or audio recording, and the plain language of NRCP 35 imposes no such requirement. By misapplying NRCP 35, the district court manifestly abused its discretion.[1] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the

---

[1]Likewise, mandamus relief is warranted because Green failed to identify his observer, *see* NRCP 35(a)(4), and the district court failed to acknowledge at the hearing that an observer is not allowed at a psychological exam absent a showing of good cause, *see* NRCP 35(a)(4)(A)-(B), by inquiring into whether Green demonstrated "good faith," rather than good cause, for the observer and audio recording.

district court to vacate its order overruling Ferrellgas's objection to the discovery commissioner's report and recommendation, and to analyze the parties' motions in light of *Lyft, Inc. v. Eighth Judicial District Court*, 137 Nev., Adv. Op. 86, __ P.3d __, __ (2021).[2]

_____, C.J.
Parraguirre

_____, J.            _____, J.
Hardesty                                        Stiglich

_____, J.            _____, J.
Cadish                                          Silver

_____, J.            _____, J.
Pickering                                     Herndon

---

[2]Ferrellgas also argues that Green waived any good cause argument under NRCP 35 because he did not raise that argument before the discovery commissioner. *See Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 173, 252 P.3d 676, 680 (2011) ("[N]either this court nor the district court will consider new arguments raised in objection to a discovery commissioner's report and recommendation that could have been raised before the discovery commissioner but were not."). We disagree. *Valley Health's* bar applies to new arguments raised *in objection* to a discovery commissioner's report and recommendation. Green prevailed before the discovery commissioner, and therefore he did not object to the discovery commissioner's report and recommendation.

cc: Hon. Joanna Kishner, District Judge
Hon. Linda M. Bell, Chief Judge
Olson, Cannon, Gormley, & Stoberski
Dennett Winspear, LLP
Baker Sterchi Cowden & Rice LLC/Kansas City
Pyatt Silvestri
H&P Law, PLLC
Eighth District Court Clerk