# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY LEWIS,
Appellant,
vs.
CHEYENNE NALDER; AND UNITED
AUTOMOBILE INSURANCE
COMPANY,
Respondents.

CHEYENNE NALDER,
Appellant,
vs.
GARY LEWIS; AND UNITED
AUTOMOBILE INSURANCE
COMPANY,
Respondents.

No. 81510

FILED

MAR 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

No. 81710

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders denying motions for attorney fees and costs in a torts action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1] Cheyenne Nalder, through her guardian ad litem, obtained a default judgment against Gary Lewis several years after Lewis' insurance carrier, respondent United Auto Insurance Company (UAIC), denied coverage for a traffic accident Lewis caused. Here, Nalder and Lewis challenge the district court's denial of their attorney fees motions after UAIC's attempt to intervene failed, and Lewis also challenges the denial of his request for costs.

First, Nalder and Lewis argue that the district court erred by denying their motions for attorney fees under NRS 12.130. "Although the award of attorney fees is generally entrusted to the sound discretion of the

_____
[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-08498

district court, when a party's eligibility for a fee award is a matter of statutory interpretation, as is the case here, a question of law is presented, which we review de novo." *In re Estate & Living Tr. of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009) (internal citation omitted).

NRS 12.130(1)(d) provides, in relevant part, that "[i]f the claim of the party intervening is not sustained, the party intervening shall pay all costs incurred by the intervention." The statute's plain language provides for recovery of costs but does not mention attorney fees. *See Branch Banking v. Windhaven & Tollway, LLC*, 131 Nev. 155, 158, 347 P.3d 1038, 1040 (2015) ("In interpreting a statute, this court looks to the plain language of the statute and, if that language is clear, this court does not go beyond it."). Had the Legislature intended to require a party to pay attorney fees in addition to costs, "it could have expressly done so, as it has in other statutes." *Davis v. Eighth Judicial Dist. Court*, 129 Nev. 116, 119, 294 P.3d 415, 418 (2013) (comparing a statute that did not require personal service with other statutes that expressly did). *Compare* NRS 12.130(1)(d), *with* NRS 108.237(1) (providing that the court "shall award to a prevailing lien claimant . . . the cost of preparing and recording the notice of lien, including, without limitation, attorney's fees"), *and* NRS 467.136(3) (including attorney fees as "costs of the proceedings relating to the issuance of . . . registration" of entities subject to the statute), *and* NRS 18.010 (explicitly providing for attorney fees whereas NRS 18.020 addresses costs). Because the Legislature did not expressly provide for attorney fees in NRS 12.130, the district court properly denied the requests for fees under that statute.

Nalder and Lewis next argue that the district court should have awarded them attorney fees under NRS 18.010. We review for an abuse of

discretion, *see Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1353-54, 971 P.2d 383, 386 (1998) (holding that a district court's determination under NRS 18.010(2)(b) "will not be disturbed absent a manifest abuse of discretion"), and disagree. As a threshold issue, Nalder and Lewis's contention that the district court applied the incorrect legal standard fails, as Nalder and Lewis did not argue below that UAIC brought its claims to harass them, and the district court properly considered whether UAIC maintained its claims "without reasonable ground."[2] NRS 18.010(2)(b) (providing that the district court may make an allowance of attorney fees where it "finds that the claim . . . or defense . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party"). And UAIC's arguments in support of intervention were reasonable. The caselaw on intervention under the facts of this case was not "free from doubt" and presented unresolved issues of statewide importance, as evidenced by this court entertaining Nalder's and Lewis' petitions for writs of mandamus regarding UAIC's intervention.[3] *See Nalder v. Eighth Judicial Dist. Court*, 136 Nev. 200, 203, 462 P.3d 677, 682 (2020) (entertaining the writ petitions because they raised important legal issues that warranted clarification); *Key Bank of Alaska v. Donnels*, 106

---

[2]While we agree with Nalder and Lewis that whether a party acted in bad faith is not a consideration under NRS 18.010, the district court's finding that UAIC did not act in bad faith does not alter our conclusion.

[3]We also reject Lewis' argument that the district court erred by denying his motion for costs, as he failed to provide sufficient justifying evidence to the district court. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120-21, 345 P.3d 1049, 1054 (2015) (holding that "a district court must have before it evidence that the costs were reasonable, necessary, and actually incurred," and further holding that a memorandum of cost is insufficient evidence).

Nev. 49, 53, 787 P.2d 382, 385 (1990) (rejecting the respondent's contention that the appellant's claim below was brought without reasonable grounds because "the law in this case was not free from doubt," as was evident from the appellate court's conclusion that the district court erroneously applied the relevant law); *see also Pub. Emps. Ret. Sys. of Nev. v. Gitter*, 133 Nev. 126, 136, 393 P.3d 673, 682 (2017) (holding that whether a claim or defense ultimately succeeds is not dispositive of whether it was brought or maintained without reasonable grounds). Accordingly, we

ORDER the judgments of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:    Hon. Eric Johnson, District Judge
       Paul M. Haire, Settlement Judge
       Stephens Law Offices
       E. Breen Arntz, Chtd.
       Christensen Law Offices, LLC
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Winner Booze & Zarcone
       Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.