PHYLLIS WHITLOCK AND J. T. WHITLOCK, APPELLANTS, v. DONALD SALMON, M.D., RESPONDENT.

No. 18043

March 30, 1988                    752 P.2d 210

[Rehearing denied June 28, 1988]

*Crockett & Myers,* Las Vegas, for Appellants.

*Barker, Gillock, Perry, Koning & Spann,* Las Vegas, for Respondent.

Galatz, Earl, Catalano & Smith, Las Vegas, for Amicus
Curiae.

## OPINION

*Per Curiam:*

This case hinges on the question of whether, in a civil case, a
trial judge, under Nevada law, may exclude counsel from partici-
pating directly in voir dire of the jury panel.[1] Although a trial
judge may reasonably restrict the right of supplemental attorney-
conducted voir dire, we hold that he may not prohibit the right
altogether.

Appellants Phyllis and J. T. Whitlock brought an action against
respondent Donald Salmon, M.D., for personal injuries received
by Mrs. Whitlock during surgery for the removal of a brain
tumor. In his pretrial memorandum and his proposed jury voir
dire questions, counsel for the Whitlocks requested permission to
voir dire the jury. During the voir dire process, the request—this
time joined by Dr. Salmon's attorney—was repeated. Although
the trial judge basically presented counsel's questions to the
prospective jurors on voir dire, he did not allow counsel to
participate directly in the process. Voir dire was conducted exclu-
sively by the judge.

The jury returned a defense verdict. On appeal, the Whitlocks
contend that the trial judge committed reversible error in refusing
to permit counsel's participation in voir dire. We agree.

NRS 16.030(6) provides:

> The judge shall conduct the initial examination of prospec-
> tive jurors and *the parties or their attorneys are entitled to
> conduct supplemental examinations which must not be
> unreasonably restricted* (emphasis added).

This statute appears to be in conflict with NRCP 47(a) which
states that "the court shall conduct the examination of prospec-

---

[1] A right to attorney-conducted voir dire in criminal cases is granted by
NRS 175.031. *See* Spillers v. State, 84 Nev. 23, 436 P.2d 18 (1968).

tive jurors and may permit such supplemental examination by counsel as it deems proper." We have previously held that a trial judge acted within his discretion in refusing to ask certain questions of prospective jurors proffered by counsel to assist in the intelligent exercise of peremptory challenges. Frame v. Grisewood, 81 Nev. 114, 121, 399 P.2d 450, 454 (1965). However, *Frame* was decided several years before NRS 16.030(6) was enacted. It thus remains necessary to resolve the apparent conflict between the statute and the rule of court.

The judiciary, of course, has the inherent power to govern its own procedures; and that power includes the right to adopt and promulgate rules of procedure. *See* State v. Connery, 99 Nev. 342, 661 P.2d 1298 (1983). We do not perceive the statute as a legislative encroachment on judicial prerogatives. Although the statute does implicate trial procedure, it does not interfere with procedure to a point of disruption or attempted abrogation of an existing court rule. Rather, the statute confers a substantive right to reasonable participation in voir dire by counsel; and this court will not attempt to abridge or modify a substantive right.[2] NRCP 47(a) contemplated a healthy respect on the part of trial judges for appropriate supplemental participation by trial counsel in voir dire. Historically, in most of Nevada's courts of general jurisdiction, counsel have been accorded meaningful opportunities for involvement in the voir dire of prospective jurors. The Legislature thus saw fit to enthrone the historical practice selectively enjoyed by counsel in most trial proceedings, in a substantive enactment that vouchsafes the right to all counsel in every department of our district courts.[3] We accordingly view the statutory right thus bestowed as an acceptable solidification of the basic intendment of NRCP 47(a).

---

[2]NRS 2.120 in pertinent part provides:

> 1. The supreme court may make rules not inconsistent with the constitution and laws of the state for its own government, the government of the district courts, and the government of the State Bar of Nevada.
>
> 2. Such rules shall not abridge, enlarge or modify any substantive right and shall not be inconsistent with the constitution of the State of Nevada.

[3]A review of the scant legislative history behind the enactment of NRS 16.030(6) convinces us that there was no mistake by the Legislature as to the language used in the statute: it gives attorneys a *right* to conduct supplemental examination of prospective jurors.

In the second draft of Assembly Bill 257 (the bill enacting NRS 16.030(6)) the Assembly Judiciary Committee changed the language from "may conduct supplemental examinations" to "are entitled to conduct supplemental examinations." While the Senate Judiciary Committee expressed concern with the change, a recommendation to change the language back to "may" was not followed. *See* Minutes of the Judiciary Committee Meeting, 1979 AB 257 (Conduct of examinations of prospective jurors in civil actions).

Under the federal rule,[4] the decision to allow attorneys to directly examine prospective jurors is left to the sound discretion of the trial judge. *See* Canterbury v. Spence, 464 F.2d 772, 796 n. 149 (D.C.Cir. 1972), *cert. denied,* 409 U.S. 1064 (1972).[5] Even so, the federal practice has been rejected by a number of states. For example, the Texas courts hold that the constitutional guarantee of the right to be represented by counsel includes the right to have counsel interrogate the members of the jury panel. *See* De La Rosa v. State, 414 S.W.2d 668, 671 (Tex.Crim.App. 1967). A Connecticut statute provides that each party in civil actions "shall have the right to examine, personally or by his counsel, each juror outside the presence" of the other prospective jurors. Conn. Gen. Stat. § 51-240(a) (1987). Similarly, Florida, by court rule, provides that "the parties have the right to examine jurors orally on voir dire." Although the rule allows the court to ask prospective jurors questions, it expressly provides that "the right of the parties to conduct a reasonable voir dire of each juror orally shall be preserved." Fla. R. Civ. P. 1.431(b) (West 1985).

We concur with those states that reject the federal approach. The importance of a truly impartial jury, whether the action is criminal or civil, is so basic to our notion of jurisprudence that its necessity has never really been questioned in this country. United States v. Bear Runner, 502 F.2d 908, 911 (8th Cir. 1974). The voir dire process is designed to ensure—to the fullest extent possible—that an intelligent, alert and impartial jury which will perform the important duty assigned to it by our judicial system is obtained. De La Rosa v. State, 414 S.W.2d 668, 671 (Tex. Crim.App. 1967). The purpose of voir dire examination is to determine whether a prospective juror can and will render a fair and impartial verdict on the evidence presented and apply the facts, as he or she finds them, to the law given. *See* Oliver v. State, 85 Nev. 418, 422, 456 P.2d 431, 434 (1969). We are

---

[4]Fed. R. Civ. P. 47(a) which provides:

The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions as it deems proper.

[5]Although the trend among the federal courts is for the trial judges to conduct the entire voir dire examination themselves, at least one federal court has noted its dissatisfaction with the practice because, "it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case. 'Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes.' " [Citation omitted.] United States v. Ible, 630 F.2d 389, 395 (5th Cir. 1980).

convinced that prohibiting attorney-conducted voir dire altogether may seriously impede that objective.

Usually, trial counsel are more familiar with the facts and nuances of a case and the personalities involved than the trial judge. Therefore, they are often more able to probe delicate areas in which prejudice may exist or pursue answers that reveal a possibility of prejudice. Moreover, while we do not doubt the ability of trial judges to conduct voir dire, there is concern that on occasion jurors may be less candid when responding with personal disclosures to a presiding judicial officer.[6] Finally, many trial attorneys develop a sense of discernment from participation in voir dire that often reveals favor or antagonism among prospective jurors. The likelihood of perceiving such attitudes is greatly attenuated by a lack of dialogue between counsel and the individuals who may ultimately judge the merits of the case. In that regard, we expressly disapprove of any language or inferences in *Frame* that tend to minify the importance of counsel's voir dire as a source of enlightenment in the intelligent exercise of peremptory challenges.

We have said or implied nothing in this opinion that detracts from the absolute right of a trial judge to reasonably control and limit an attorney's participation in voir dire. Indeed, we encourage the trial bench not to tolerate the desultory excursions of unprepared counsel who show little regard for judicial economy. Both the scope of voir dire and the method by which voir dire is pursued remain within the discretion of the district court. *See* Summers v. State, 102 Nev. 195, 718 P.2d 676 (1986). The trial judge has a duty to restrict attorney-conducted voir dire to its permissible scope: obtaining an impartial jury. NRS 16.030(6) clearly contemplates that the trial judge will supervise the process and that he may reasonably restrict supplemental examination of prospective jurors by the litigants' counsel.

In the instant case the trial judge denied both attorneys the opportunity to conduct *any* voir dire examination. A complete denial of attorney-conducted voir dire cannot be construed as a reasonable restriction and therefore the trial judge committed reversible error. Accordingly, we reverse and remand this case for a new trial.

------

[6] For example, one study suggests that the judge's presence evokes considerable pressure among jurors toward conforming to a set of perceived judicial standards and that this is minimized when an attorney conducts voir dire. Jones, *Judge-Versus Attorney-Conducted Voir Dire; and Empirical Investigation of Juror Candor,* 11 Law and Human Behavior 131, 143-44 (1987).