SHERI LEONE AND JOSEPH R. LEONE, APPELLANTS/ CROSS-RESPONDENTS, *v.* JORDAN GOODMAN, M.D., RESPONDENT/CROSS-APPELLANT.

No. 18601

May 18, 1989                                           773 P.2d 342

*Lovell & Potter,* Las Vegas, for Appellants/Cross-Respondents.

*Galatz, Earl, Catalano & Smith* and *Timothy C. Williams,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

Following trial on appellants Sheri Leone's and Joseph R. Leone's medical malpractice action, the jury returned a verdict in favor of respondent Jordan Goodman, M.D. The Leones subsequently moved for a new trial or, in the alternative, judgment notwithstanding the verdict. The district court denied their motion. The Leones now appeal from the adverse judgment and the denial of their motion arguing, *inter alia,* that the district court denied their right to participate in voir dire of the jury panel and that the district court erred in failing to strike the testimony of one of respondent's expert witnesses.[1] Because we agree that the district court denied appellants' right to participate in voir dire of the jury panel we reverse and remand for a new trial.

1. In Whitlock v. Salmon, 104 Nev. 24, 25, 752 P.2d 210, 211 (1988), we held that while a "trial judge may reasonably restrict the right of supplemental attorney-conducted voir dire, . . . he may not prohibit the right altogether." During the course of that opinion, this court stated:

---

[1]Respondent filed a notice of cross-appeal challenging an order of the district court denying respondent's prayer for attorney fees and costs. Respondent has neither briefed nor argued the issue. We assume therefore that respondent has abandoned the cross-appeal, and accordingly order it dismissed.

> The purpose of voir dire examination is to determine whether a prospective juror can and will render a fair and impartial verdict on the evidence presented and apply the facts, as he or she finds them, to the law given. *See* Oliver v. State, 85 Nev. 418, 422, 456 P.2d 431, 434 (1969). We are convinced that prohibiting attorney-conducted voir dire altogether may seriously impede that objective.

*Id.* at 27, 28, 752 P.2d at 212. We emphasized in *Whitlock,* however, that nothing said or implied in that opinion "detracts from the absolute right of a trial judge to reasonably control and limit an attorney's participation in voir dire." *Id.* at 28, 752 P.2d at 213. *See also* NRS 16.030(6) ("The judge shall conduct the initial examination of the prospective jurors and the parties or their attorneys are entitled to conduct supplemental examination which must not be *unreasonably* restricted.") (emphasis added).

In the instant case, the district judge conducted all voir dire questioning. Counsel for appellant supplied the court with ten pages of proposed questions for voir dire. The district judge chose not to use any of these proposed questions. Statements made by appellants' counsel during a break in jury selection and outside the presence of the venire, indicated his dissatisfaction with the court exclusively conducting voir dire. In response, respondent's counsel joined in the objection to the voir dire and requested that counsel be allowed to participate, or, at the very least, that the court ask the proposed voir dire questions previously submitted in writing.

This court noted in *Whitlock* that "although the judge basically presented counsel's questions to the prospective jurors on voir dire, he did not allow counsel to participate directly in the process." 104 Nev. at 25, 752 P.2d at 211. When a trial judge unreasonably restricts or denies altogether supplemental attorney-conducted voir dire he commits reversible error. *See Whitlock,* 104 Nev. at 28, 752 P.2d at 213. It is clear from our reading of the record here that the district judge established a format of voir dire examination that precluded *any* participation by the attorneys and that both parties were denied their right of supplemental attorney-conducted voir dire.

2. During trial, the rule of exclusion of witnesses was in effect. Despite this, respondent's attorney called a defense expert witness whom the attorney had provided with a transcript of respondent's and another defense expert's prior trial testimony. Respondent's counsel did this without notifying counsel for appellant or the court. Upon learning of opposing counsel's actions, appellants moved to strike the expert's testimony. The court denied the motion, but found that respondent's counsel had intentionally violated the rule of exclusion. The court therefore

sanctioned respondent's counsel $350.00. Appellants contend the district court erred in denying their motion to strike.

In light of our decision regarding voir dire as conducted in this case, we need not determine whether the respondent's violation of the exclusionary rule would mandate reversal of the case.[2] We observe however, that an attorney's intentional violation of a court imposed rule is a serious matter, and that the district court certainly was justified in sanctioning the attorney.

The trial judge erred in denying appellants' right to supplemental attorney-conducted voir dire. Accordingly, this case is reversed and remanded for a new trial.

---

[2]We also decline to decide appellants' other assignments of error.