# IN THE SUPREME COURT OF THE STATE OF NEVADA

CYNTHIA RENEE GILBERT, AN
INDIVIDUAL,
Appellant,
vs.
JESSICA LEANN JONES, AN
INDIVIDUAL,
Respondent.

No. 78943

**FILED**

NOV 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment following a jury trial in a negligence action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant Cynthia Gilbert filed a complaint for negligence and negligence per se following an automobile accident. Gilbert alleged that respondent Jessica Jones sped through an intersection to beat a red light, while Gilbert was turning left through the same intersection. The jury returned a verdict in favor of Jones, finding her not liable. Gilbert filed a notice of appeal on May 31, 2019, and then after, filed a motion for a new trial. The district court denied the motion, both on the merits and because the notice of appeal divested it of jurisdiction. Briefing on this appeal followed. Gilbert argues that the district court erred by rejecting her proposed instruction about NRS 484B.307 (setting forth the duties of drivers at traffic lights), unreasonably restricting voir dire, improperly restricting closing argument, and denying her motion for new trial.

We review Gilbert's argument that the district court erred by not instructing the jury on NRS 484B.307 for an abuse of discretion. *See Atkinson v. MGM Grand Hotel, Inc.*, 120 Nev. 639, 642, 98 P.3d 678, 680 (2004) (noting that a district court's decision to give or decline a proposed jury instruction is reviewed for an abuse of discretion or judicial error).

20- 42583

"Jury instructions that tend to confuse or mislead the jury are erroneous." *Carver v. El-Sabawi*, 121 Nev. 11, 14, 107 P.3d 1283, 1285 (2005).

The district court did not abuse its discretion in settling jury instructions. Problematically, Gilbert does not squarely acknowledge the basis for the district court's ruling: It did not refuse Gilbert's proposed instruction on lack-of-evidence grounds. Gilbert requested a bulky, block-quoted instruction to explain that a driver turning left needed to yield the right-of-way, then after yielding, had the right-of-way to turn. The district court found that the instruction did not "articulate the issues" in the case or focus the jury on the applicable law, and seemed to credit Jones's argument that the instruction contained confusing information unnecessary to resolve the case. We agree—particularly because the district court did instruct the jury on negligence per se and provided the jury with the relevant information from Gilbert's proposed instructions in an instruction on NRS 484B.253, which precisely articulated the principle of law Gilbert sought to convey. The district court was not obligated to give a duplicative and confusing additional instruction.

Turning to Gilbert's voir dire claim, we note at the outset that she failed to adequately preserve the issue for appeal. The record shows an objection from Jones, an off-the-record conference, and an on-the-record withdrawal of the question. And Gilbert did not accept the district court's offer to make a record of any bench conference outside the presence of the jury. In light of Gilbert's failure, the issue was waived. *See Foreman v. Ver Brugghen*, 81 Nev. 86, 90, 398 P.2d 993, 995 (1965) (requiring an offer of proof to preserve an issue for appeal when the record is silent).

Even assuming that, as Gilbert argues on appeal, she did not mean to withdraw the question, the district court did not abuse its discretion. *Whitlock v. Salmon*, 104 Nev. 24, 28, 752 P.2d 210, 213 (1988) ("Both the scope of voir dire and the method by which voir dire is

pursued remain within the discretion of the district court."); *Parodi v. Washoe Medical Center, Inc.*, 111 Nev. 365, 368, 892 P.2d 588, 590 (1995) (claim that the district court made improper comments during voir dire was only subject to review for plain error because the appellant failed to object below). Of note, the district court only prevented Gilbert from asking one question. This restriction fell within the district court's wide discretion and was not plainly unreasonable—especially since, from what appears from the limited record we have, the question seemed to poll the jury on the ultimate issue, rather than ask about whether the jury could fairly follow the evidence. *Cf. Khoury v. Seastrand*, 132 Nev. 520, 527-29, 377 P.3d 81, 86-88 (2016) (holding that allowing an attorney to badger, bully, and almost reduce jurors to tears did not constitute an abuse of discretion).

Gilbert's assertion of error regarding closing argument also falls short. Once again, we review for an abuse of discretion. *See Jain v. McFarland*, 109 Nev. 465, 475-76, 851 P.2d 450, 457-58 (1993) (recognizing wide discretion afforded in closing arguments). The district court sustained Jones's objection to Gilbert's argument because it violated a pre-trial in limine order. And because Gilbert has not addressed the in limine order, we decline to address this claim. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider claim where appellant failed "to cogently argue, and present relevant authority" in support of their arguments).[1]

---

[1]Even though we decline to address this claim, we note that Gilbert faults Jones for briefing the in limine order because it is not in the record. But Gilbert bore the burden to include it in the record, and where, as here, such evidence is not included, this court assumes "that the record supports the district court's decision." *See Investment Company, Inc. v. Mandarino*, 103 Nev. 711, 718, 748 P.2d 488, 493 (1987).

Finally, Gilbert contends that the district court erred when it did not grant her motion for a new trial. "'The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court.'" *Bayerische Motoren Werke Aktiengesellschaft v. Roth*, 127 Nev. 122, 133, 252 P.3d 649, 657 (2011) (quoting *Southern Pac. Transp. Co. v. Fitzgerald*, 94 Nev. 241, 244, 577 P.2d 1234, 1236 (1978)). But Gilbert divested the district court of jurisdiction to grant her motion by waiting to file it until after she filed the notice of appeal and this court docketed her appeal. *See Smith v. Emery*, 109 Nev. 737, 740, 856 P.2d 1386, 1388 (1993) ("Upon the filing of a timely notice of appeal, the district court is divested of jurisdiction and jurisdiction vests in this court."). And on appeal, Gilbert only supports his contention by incorporating by reference the same assignments of alleged error we rejected above. Thus, the district court did not abuse its discretion by denying her motion for new trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Joanna Kishner, District Judge
Hon. Kerry Louise Earley, District Judge
Jay Young, Settlement Judge
The Schnitzer Law Firm
Hanratty Law Group
Messner Reeves LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A