137 Nev., Advance Opinion 86

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LYFT, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
    and
KALENA DAVIS,
Real Party in Interest.

No. 82148



FILED

DEC 30 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order overruling an objection to the discovery commissioner's recommendation that examinations of the real party in interest's mental and physical condition proceed under NRS 52.380.

*Petition granted.*

Lewis Brisbois Bisgaard & Smith LLP and Jeffrey D. Olster, Jason G. Revzin, and Blake A. Doerr, Las Vegas,
for Petitioner.

Clear Counsel Law Group and Jared R. Richards and Dustin Birch, Henderson,
for Real Party in Interest.

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In 2019, this court amended Nevada Rule of Civil Procedure (NRCP) 35, which governs mental and physical examinations of a party ordered during discovery in civil litigation.[1] The Legislature subsequently enacted NRS 52.380,[2] which also governs conditions for such examinations. The conditions imposed by NRS 52.380 differ from those imposed under NRCP 35, however. Specifically, the statute allows the examinee's attorney to attend and make audio recordings of all physical and mental examinations, while NRCP 35 disallows observers at certain mental examinations, prohibits the examinee's attorney from attending any examination, and allows audio recordings only upon a showing of good cause.

In the underlying dispute, the discovery commissioner concluded that NRS 52.380 supersedes NRCP 35, such that real party in interest's examinations must follow the procedures set forth in the statute. The district court summarily affirmed and adopted the discovery commissioner's report and recommendations. Petitioner, the party that sought the examinations, asserts that NRS 52.380 violates the separation of powers doctrine, which prevents one branch of government from encroaching on the powers of another branch, by attempting to abrogate NRCP 35. Petitioner seeks a writ of mandamus precluding the district court

---

[1]*See In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018 (effective March 1, 2019)).

[2]*See* 2019 Nev. Stat., ch. 180, § 1, at 966-67.

 

from requiring adherence to the assertedly unconstitutional statute during the examinations.

The judiciary has the power to regulate court procedure, and the Legislature may not enact a procedural statute that would abrogate a preexisting court rule. We conclude that NRS 52.380 attempts to abrogate NRCP 35 and that, by enacting it, the Legislature encroached on the inherent power of the judiciary. Thus, we hold that NRS 52.380 violates the separation of powers doctrine. The district court's decision to allow the examinations to proceed under NRS 52.380 was therefore a manifest abuse of discretion, and mandamus relief is warranted.

## FACTS AND PROCEDURAL HISTORY

Petitioner Lyft, Inc., operates a ridesharing network. A vehicle providing services for Lyft's network collided with real party in interest, Kalena Davis, who was riding a motorcycle. Davis was seriously injured and sued Lyft for negligence, claiming $11.8 million in damages. Lyft disputed liability and retained three experts to contest the amount of Davis's damages. Lyft filed a motion to compel Davis to attend physical and mental examinations with its experts under NRCP 35. Davis opposed Lyft's motion on the ground that good cause did not exist for the examinations under NRCP 35.

After a hearing on Lyft's motion to compel, the discovery commissioner issued a report and recommendations concluding that Lyft showed good cause for its experts to examine Davis because he placed his mental and physical condition in controversy. The discovery commissioner *sua sponte* asked the parties to submit supplemental briefing regarding the differing examination conditions imposed by NRCP 35 and NRS 52.380. Thereafter, Davis argued that NRS 52.380 governed and requested the presence of his attorney at the examinations.

Following submission of supplemental briefing by the parties, the discovery commissioner concluded that NRS 52.380 irreconcilably conflicts with NRCP 35. Without citation to legal authority, the discovery commissioner concluded that NRS 52.380 provides substantive rights and thus supersedes NRCP 35. Consistent with NRS 52.380, the discovery commissioner recommended that Davis be allowed to have his attorney present to observe and make an audio recording of each exam. Lyft filed an objection to the discovery commissioner's recommendations. The district court overruled Lyft's objection without a hearing and entered an order summarily affirming and adopting the recommendations, and Lyft filed this writ petition.

## DISCUSSION

*We exercise our discretion to entertain Lyft's writ petition*

The decision to entertain a writ petition is discretionary. *Davis v. Eighth Judicial Dist. Court*, 129 Nev. 116, 118, 294 P.3d 415, 417 (2013). Although "[a] writ of mandamus is not a substitute for an appeal," *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 819, 407 P.3d 702, 706 (2017) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964)), entertaining a petition for advisory mandamus is "appropriate when an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition," *id.* at 820, 407 P.3d at 706 (internal quotation marks omitted). However, we will entertain an advisory mandamus petition only "to address the rare question that is likely of significant repetition prior to effective review, so that our opinion would assist other jurists, parties, or lawyers." *Id.* at 822-23, 407 P.3d at 708 (internal quotation marks omitted). Finally, advisory mandamus is appropriate when our intervention will "clarify a substantial issue of public policy or precedential value." *Walker v. Second*

*Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1199 (2020) (internal quotation marks omitted).

Whether NRS 52.380 supersedes NRCP 35 is an issue of statewide importance that presents a novel question of law requiring clarification. Because physical and mental examinations are frequently conducted during discovery, our clarification of this issue will assist the district courts and parties alike by resolving the uncertainty that exists over whether NRS 52.380 or NRCP 35 governs mental and physical examinations performed during discovery. Our intervention is further warranted because district courts are reaching different conclusions on this very issue. Moreover, this is a substantial issue of public policy due to the conflicting interests of plaintiffs and defendants with respect to the procedures for the examinations. Thus, we choose to entertain Lyft's petition.

*NRS 52.380 plainly conflicts with NRCP 35*

The parties dispute whether NRS 52.380 violates the separation of powers between the branches of government. The separation of powers "prevent[s] one branch of government from encroaching on the powers of another branch." *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 292, 212 P.3d 1098, 1103 (2009); *see also* Nev. Const. art. 3, § 1. We review the constitutionality of a statute de novo, even in the context of a writ petition. *Tam v. Eighth Judicial Dist. Court*, 131 Nev. 792, 796, 358 P.3d 234, 237 (2015). "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional." *Id.* at 796, 358 P.3d at 237-38.

"[T]his court indisputably possesses inherent power to prescribe rules necessary or desirable to handle the judicial functioning of the courts . . . ." *State v. Second Judicial Dist. Court (Marshall)*, 116 Nev. 953,

963, 11 P.3d 1209, 1215 (2000); *see also* NRS 2.120(2) (explaining that this court "shall regulate original and appellate civil practice and procedure"). Thus, in the context of a conflicting statute and court rule, our separation of powers analysis examines "whether the challenged statutory provision is substantive or procedural." *See Hefetz*, 133 Nev. at 330 n.5, 397 P.3d at 478 n.5 (quoting *Seisinger v. Siebel*, 203 P.3d 483, 489 (Ariz. 2009)). As we have explained, "the [L]egislature may not enact a procedural statute that conflicts with a pre-existing procedural rule, without violating the doctrine of separation of powers, and . . . such a statute is of no effect." *State v. Connery*, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983). However, a "legislative encroachment on judicial prerogatives" is implicated only where the statute "interfere[s] with procedure to a point of disruption or attempted abrogation of an existing court rule." *Whitlock v. Salmon*, 104 Nev. 24, 26, 752 P.2d 210, 211 (1988). The parties ostensibly agree that before analyzing whether NRS 52.380 violates the separation of powers doctrine, we must first analyze whether NRS 52.380 irreconcilably conflicts with NRCP 35 or whether the provisions can be harmonized.

Lyft argues that NRS 52.380 and NRCP 35 irreconcilably conflict. Davis argues that these provisions can be read in harmony. Specifically, Davis asserts that NRCP 35 sets forth general procedures for the examinations, whereas NRS 52.380 provides examinees the substantive right to have an attorney present at all examinations.

NRCP 35 applies in civil actions where a party's "mental or physical condition . . . is in controversy" and the opposing party seeks to have an "examination [of that party's condition] by a suitably licensed or certified examiner." NRCP 35(a)(1). However, a party can seek the examination only "on motion for good cause." NRCP 35(a)(2)(A). In interpreting the federal counterpart to NRCP 35, the United States

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Supreme Court held that good cause under FRCP 35 is "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy." *Schlagenhauf*, 379 U.S. at 118. NRCP 35 also prescribes the conditions under which the examination may take place. Relevant to this case, subsection (a)(3) governs recordings, providing that "[o]n request of a party or the examiner, the court may, for good cause shown, require as a condition of the examination that the examination be audio recorded." And subsection (a)(4) governs when, and by whom, observation of the examination will be allowed, giving considerable discretion to the district court in determining when good cause is shown to depart from the general rule:

> The party against whom an examination is sought may request as a condition of the examination to have an observer present at the examination. When making the request, the party must identify the observer and state his or her relationship to the party being examined. The observer may not be the party's attorney or anyone employed by the party or the party's attorney.
>
> (A) The party may have one observer present for the examination, unless:
>
> (i) the examination is a neuropsychological, psychological, or psychiatric examination; or
>
> (ii) the court orders otherwise for good cause shown.
>
> (B) The party may not have any observer present for a neuropsychological, psychological, or psychiatric examination, unless the court orders otherwise for good cause shown.

(C) An observer must not in any way interfere, obstruct, or participate in the examination.

NRCP 35(a)(4).

Like the court rule, NRS 52.380 regulates the conditions of "a mental or physical examination ordered by a court for the purpose of discovery in a civil action." NRS 52.380(7)(a). Under the relevant subsections of NRS 52.380, an observer, including an attorney, is automatically allowed to attend and record any examination:

1. An observer may attend an examination but shall not participate in or disrupt the examination.

2. The observer attending the examination pursuant to subsection 1 may be:

(a) An attorney of an examinee or party producing the examinee; or

(b) A designated representative of the attorney, if:

(1) The attorney of the examinee or party producing the examinee, in writing, authorizes the designated representative to act on behalf of the attorney during the examination; and

(2) The designated representative presents the authorization to the examiner before the commencement of the examination.

3. The observer attending the examination pursuant to subsection 1 may make an audio or stenographic recording of the examination.

Here, the main arguments center on the provisions governing observers and recordings.

*An observer's presence at the physical or mental examination*

With respect to an observer's presence at the examination, NRCP 35(a)(4) generally allows a party being examined to request "to have

an observer present at the examination," but "[t]he observer *may not be the party's attorney* or anyone employed by the party or the party's attorney." *Id.* (emphasis added). The party making the request is required to "identify the observer and state his or her relationship to the party being examined." *Id.* Further, this general rule does not apply to "neuropsychological, psychological, or psychiatric examination[s]" unless "the court orders otherwise for good cause shown." NRCP 35(a)(4)(A)(i)-(ii); NRCP 35(a)(4)(B).

NRS 52.380(1), on the other hand, unconditionally provides that "[a]n observer may attend an examination." In addition, NRS 52.380 omits any language that requires the party being examined to identify the observer or state the observer's relationship to the examinee before the exam. Thus, NRS 52.380 eliminates the district court's discretion to control the presence of observers at mental and physical examinations. *Compare* NRS 52.380(1)-(2), *with* NRCP 35(a)(4). Further, and crucially, under the statute, the observer may be an attorney or the attorney's representative. NRS 52.380(2)(a)-(b). In these ways, NRS 52.380 attempts to abrogate NRCP 35: allowing an observer—who can be the examinee's *attorney*—to attend all examinations regardless of whether good cause exists to allow or preclude an observer in deviation of the general rule.

*An audio recording of the mental or physical examination*

With respect to the audio recording of an exam, NRCP 35(a)(3) provides that, "[o]n request of a party or the examiner, the court may, *for good cause shown*, require as a condition of the examination that the examination be audio recorded." (Emphasis added.) NRS 52.380(3) removes the good cause requirement and provides that "[t]he observer attending the examination . . . may make an audio or stenographic recording of the examination." Thus, NRS 52.380 also removes the district

court's discretion to control audio recordings at the examinations. Plainly, NRS 52.380(3) attempts to abrogate NRCP 35(a)(3).

Davis argues that NRS 52.380 and NRCP 35 can be harmonized because the statute allows what Davis refers to as a "victim's advocate" to attend the exam. NRS 52.380, however, omits the term "victim's advocate." Instead, like NRCP 35, the statute uses the term "observer." Thus, we conclude that Davis's argument is unsupported by the plain meaning of NRS 52.380. *See Vanguard Piping Sys., Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013) (stating that we effectuate the plain meaning of statutes).

Therefore, we conclude that NRS 52.380 conflicts with NRCP 35 and that these provisions cannot be harmonized. Thus, we next analyze whether NRS 52.380 violates the separation of powers doctrine.

*NRS 52.380 violates the separation of powers doctrine*

Lyft argues that NRS 52.380 violates the separation of powers doctrine because the statute is procedural and attempts to abrogate NRCP 35, a preexisting court rule. Lyft contends that NRS 52.380 is procedural because it does not provide substantive rights but rather sets forth processes applicable to an examination conducted, for discovery purposes, as incidental to a substantive claim. Davis cites caselaw, legislative history, and the statutory text to argue that NRS 52.380 is a substantive statute and therefore trumps. He specifically argues that NRS 52.380 provides examinees the substantive right to have an attorney present and make an audio recording at all examinations.

The United States Supreme Court has generally explained that "a substantive standard is one that creates duties, rights, and obligations, while a procedural standard specifies how those duties, rights, and obligations should be enforced." *Azar v. Allina Health Servs.*, ___ U.S. ___,

SUPREME COURT
OF
NEVADA

(O) 1947A

___, 139 S. Ct. 1804, 1811 (2019) (internal quotation marks omitted). More specifically, the Supreme Court has held that FRCP 35, which governs mental and physical examinations, is procedural because it is "the judicial process for enforcing rights and duties recognized by substantive law." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941); *see also Schlagenhauf*, 379 U.S. at 113 (noting the same). Further, the United States District Court for the District of Nevada has also concluded—for the purposes of the *Erie*[3] doctrine's diversity analysis—that NRS 52.380 is procedural because it "sets forth [the] process allowed . . . [for] an examination under [NRCP] 35," and therefore "is not a substantive law." *Freteluco v. Smith's Food & Drug Ctrs., Inc.*, 336 F.R.D. 198, 203 (D. Nev. 2020) (applying FRCP 35 instead of NRS 52.380 after concluding that the statute is procedural).[4]

These federal authorities persuasively conclude that NRS 52.380 is a rule of procedure because it sets forth the process allowed for a mental or physical examination conducted during discovery. Like FRCP 35, this statute only provides a process for enforcing an underlying civil claim. NRS 52.380 applies to "discovery in a civil action," NRS 52.380(7)(a), so it can be invoked only after a party has asserted an underlying civil claim. Outside of civil discovery, NRS 52.380 has no application. Moreover, NRS 52.380 does not give litigants any substantive right because it does not create a cognizable claim for relief from a violation of its provisions. *See Legal Right, Black's Law Dictionary* (11th ed. 2019) (defining a right as

---

[3]*See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that a federal court sitting in diversity applies the substantive law of the state).

[4]To the extent Davis argues that *Freteluco*'s analysis of NRS 52.380 and FRCP 35 under the *Erie* doctrine is irrelevant to this separation of powers analysis, we are unpersuaded because both analyses determine whether a law is substantive or procedural.

"[t]he capacity of asserting a legally recognized claim against one with a correlative duty to act"). Indeed, the only relief a party can obtain under the statute is "a protective order pursuant to the Nevada Rules of Civil Procedure," if the exam has been suspended. NRS 52.380(6). Thus, the remedy for a violation of NRS 52.380 is the invocation of NRCP 26(c), which again can only be obtained if the party seeking the protective order is litigating an underlying civil claim. Therefore, the statute is procedural.

Insofar as Davis relies on *Whitlock v. Salmon*, 104 Nev. 24, 26, 752 P.2d 210, 211 (1988), to argue that NRS 52.380 is substantive, we are unpersuaded. In *Whitlock*, we examined whether NRS 16.030(6), which sets forth how voir dire is conducted, violated the separation of powers doctrine because it conflicted with the then-existing version of NRCP 47(a). 104 Nev. at 25-26, 752 P.2d at 211. We explained that the statute allows parties to conduct supplemental voir dire that the district court "must not . . . unreasonably restrict[ ]," *id.* at 25, 752 P.2d at 211 (emphasis omitted) (quoting NRS 16.030(6)), whereas the court rule allowed the district court to permit supplemental voir dire "as it deem[ed] proper," *id.* at 26, 752 P.2d at 211 (internal quotation marks omitted). Although the provisions seemingly conflicted, we explained that NRS 16.030(6) did not "interfere with procedure to a point of disruption or *attempted abrogation* of an existing court rule." *Id.* at 26, 752 P.2d at 211 (emphasis added). We further reasoned that the trial judge still had discretion to "reasonably control and limit an attorney's participation in voir dire." *Id.* at 28, 752 P.2d at 213. Thus, in recognizing a substantive right to counsel's reasonable participation in voir dire, the statute reflected the principles of the rule and did not violate the separation of powers doctrine. *Id.* at 26, 752 P.2d at 211-12. Here, unlike the situation in *Whitlock*, NRS 52.380 attempts to abrogate

NRCP 35 by removing the district court's discretion to control the examinations and in the other above-mentioned ways.[5]

In sum, NRS 52.380 does not confer any legally recognized claim such that it creates a substantive right.[6] Instead, NRS 52.380 is procedural because it specifies the process allowed for a mental or physical examination that is conducted only after a party has filed an underlying civil claim.[7] Accordingly, we hold that NRS 52.380 is unconstitutional because it attempts to abrogate an existing rule of procedure that this court prescribed under its inherent authority to regulate the judicial process.

---

[5]Davis also cites to *Seisinger v. Siebel*, 203 P.3d 483, 484 (Ariz. 2009), which held that a statute was substantive because it "increase[ed] the plaintiff's burden of production in medical malpractice actions." There, the Arizona Supreme Court held that the statute at issue did not violate the separation of powers doctrine because it was substantive and "specifie[d] the kind of expert testimony necessary to *establish* medical malpractice." *Id.* (emphasis added). Davis, however, does not explain how NRS 52.380 changes the burden of proof such that it would affect any underlying claim. Thus, we conclude that Davis's reliance on *Seisinger* is misplaced.

[6]Insofar as Davis argues that NRS 52.380 is substantive because it allows a "victim's advocate" to attend the exam, we are unpersuaded because, as we noted above, the statutory text is devoid of any language indicating that a "victim's advocate" may attend the exam. *See* NRS 52.380.

[7]Davis also argues that, in the event we determine that NRS 52.380 is procedural, we should nonetheless hold that NRS 52.380 is "directory." He therefore suggests that we should order district courts to consider NRS 52.380 when conducting an NRCP 35 analysis. He cites to *Mendoza-Lobos v. State*, 125 Nev. 634, 641-42, 218 P.3d 501, 506 (2009), which concluded that a statute violating the separation of powers was directory because it created a "laudable goal." However, the sentencing statute in *Mendoza-Lobos*, unlike here, did not attempt to abrogate a preexisting court rule. Moreover, the Legislature expressly gave this court the power to regulate the Nevada Rules of Civil Procedure. *See* NRS 2.120(2). Thus, we conclude that Davis's argument is meritless.

*Writ relief is appropriate because the district court manifestly abused its discretion*

Lyft asks this court to issue a writ of mandamus that directs the district court to vacate its order overruling Lyft's objection to the discovery commissioner's report and recommendation. Lyft further asks this court to direct the district court to order that the NRCP 35 examinations proceed without an audio recording or the presence of Davis's attorney. Other than arguing that NRS 52.380 does not violate the separation of powers doctrine, Davis's brief does not address whether, and to what extent, writ relief is warranted.

In adopting and affirming the discovery commissioner's report and recommendations applying NRS 52.380 over NRCP 35, the district court manifestly abused its discretion by proceeding under an invalid law. Thus, we conclude that it is appropriate to issue a writ of mandamus directing the district court to vacate its order overruling Lyft's objection to the discovery commissioner's report and recommendation. *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009) (explaining that we will issue a writ of mandamus when the district court has manifestly abused its discretion); *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (defining abuse of discretion as "[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule" (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997))).

However, we decline to direct the district court to order that the examinations proceed without an observer or an audio recording because it is unclear from the record whether Davis failed to show good cause for those conditions. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not

particularly well-suited to make factual determinations in the first instance."). Thus, we direct the district court to consider the parties' motions consistent with NRCP 35.

## CONCLUSION

NRS 52.380 violates the separation of powers doctrine because it is a procedural statute that conflicts with NRCP 35. Thus, we hold NRS 52.380 is unconstitutional. Accordingly, we grant Lyft's petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order overruling Lyft's objection and affirming and adopting the discovery commissioner's report and recommendation, and to consider the parties' motions consistent with NRCP 35.

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Stiglich

_____, J.
Silver

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A