140 Nev., Advance Opinion 60

IN THE SUPREME COURT OF THE STATE OF NEVADA

STORM LUNA GRIFFITH,
INDIVIDUALLY; AND ISAIAS LUNA-
CORTEZ, INDIVIDUALLY,
Appellants,
vs.
ZOE RIVERA; AND L.R., THROUGH
ZOE RIVERA AS NATURAL PARENT
OF L.R.,
Respondents.

No. 86755

FILED

SEP 19 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a short trial judgment in a personal injury action.
Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

*Affirmed.*

Martinez Dieterich & Zarcone Legal Group and Melanie Muldowney, Las Vegas,
for Appellants.

The Powell Law Firm and Paul D. Powell, Jonathon C. Roberts, and Tom W. Stewart, Las Vegas,
for Respondents.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

24·34565

*OPINION*

By the Court, PARRAGUIRRE, J.:

In August 2021, a vehicle driven by Storm Griffith and owned by Isaias Luna-Cortez (hereinafter appellants) collided with a vehicle holding Zoe Rivera and her daughter L.R. (hereinafter respondents). Respondents filed a complaint against appellants, and the case proceeded to court-annexed arbitration. Respondents succeeded at arbitration, and on October 25, 2022, appellants filed a request for trial de novo. The very next day, on October 26, 2022, this court issued an order amending the Nevada Short Trial Rules. *See In re Creation of a Comm. to Study the Rules Governing Alternative Dispute Resolution and Nev. Short Trial Rules*, ADKT 0595 (Order Amending the Rules Governing Alternate Dispute Resolution and Nevada Short Trial Rules, Oct. 26, 2022). Among the amendments was a change to NSTR 27(b)(4) increasing the amount of attorney fees a short trial judge may award from $3,000 to $15,000. *Id.* The order stated that the amendments would become effective beginning January 1, 2023. *Id.*

A short trial was held on March 3, 2023, and respondents again prevailed. Respondents then filed an application for fees, costs, and prejudgment interest, and the short trial judge awarded $15,000 in attorney fees to each respondent, totaling $30,000. The district court entered a final judgment consistent with the short trial judge's award. Appellants now appeal, arguing that because they filed their request for trial de novo before

(O) 1947A

the rule change, the short trial judge should have applied the pre-amendment, $3,000 attorney fee cap.[1]

## DISCUSSION

Appellants argue that the short trial judge erred by applying the attorney fee rule change retroactively to award respondents $15,000 in attorney fees. We review a trial court's award of attorney fees for an abuse of discretion. *Mack-Manley v. Manley*, 122 Nev. 849, 860, 138 P.3d 525, 533 (2006). But questions of retroactivity are reviewed de novo. *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Seventh Jud. Dist. Ct.*, 132 Nev. 67, 70, 366 P.3d 1117, 1119 (2016).

When a statute or rule is amended, "[t]here is a general presumption in favor of prospective application." *Delucchi v. Songer*, 133 Nev. 290, 293, 396 P.3d 826, 829 (2017) (alteration in original) (quoting *McKellar v. McKellar*, 110 Nev. 200, 203, 871 P.2d 296, 298 (1994)). But this general presumption "does not apply to statutes or rules that *do not change substantive rights* and instead relate solely to remedies and procedure." *Valdez v. Emps. Ins. Co. of Nev.*, 123 Nev. 170, 179-80, 162 P.3d 148, 154 (2007) (emphasis added). Such procedural and remedial rule changes "will be applied to any cases pending when . . . enacted." *Id.* at 180, 162 P.3d at 154.

---

[1]Appellants also argue on appeal that the short trial judge erred by awarding the maximum attorney fee amount per plaintiff, as opposed to interpreting the fee cap as a per-side limitation. But appellants failed to raise this argument below even though respondents requested the maximum amount per party in their application for attorney fees. Therefore, the argument is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

(O) 1947A

Appellants argue that the short trial judge improperly applied the rule change retroactively because the rule change affected their substantive rights. Respondents assert that the amendment was merely a procedural change governing the available remedy and therefore retroactive application is appropriate. "The line between a substantive and a procedural rule is a 'hazy' one." *Sequoia Orange Co. v. Yeutter*, 973 F.2d 752, 757 (9th Cir. 1992) (quoting *Am. Hosp. Ass'n v. Bowen*, 834 F.2d 1037, 1045 (D.C. Cir. 1987)). But we have stated that "a substantive standard is one that creates duties, rights, and obligations, while a procedural standard specifies how those duties, rights, and obligations should be enforced." *Lyft, Inc. v. Eighth Jud. Dist. Ct.*, 137 Nev. 832, 838, 501 P.3d 994, 1001 (2021) (quoting *Azar v. Allina Health Servs.*, 587 U.S. 566, 573 (2019)).

Rules providing the circumstances under which attorney fees may be awarded, such as NSTR 27(b), are typically considered substantive. *See WPH Architecture, Inc. v. Vegas VP, LP*, 131 Nev. 884, 889, 360 P.3d 1145, 1148 (2015). However, the specific *amendment* to NSTR 27(b)(4) at issue here did not create or remove any conditions under which a short trial judge may award fees. Rather, the amendment simply increased the maximum amount of attorney fees a short trial judge may award. Thus, it did not create or remove any duty, right, or obligation; it simply "specifie[d] how those [preexisting] duties, rights, and obligations should be enforced." *Lyft*, 137 Nev. at 838, 501 P.3d at 1001 (quoting *Azar*, 587 U.S. at 573). In other words, it may be reasonably characterized as a procedural amendment governing the available *remedy*. *See Republican Att'ys Gen. Ass'n v. Las Vegas Metro. Police Dep't*, 136 Nev. 28, 32, 458 P.3d 328, 332 (2020) (recognizing attorney fees for a prevailing party as an available *remedy*); *In re W.N. Connell & Marjorie T. Connell Living Tr.*, 134 Nev. 613,

618, 426 P.3d 599, 603 (2018) (acknowledging attorney fees as one of a variety of *remedies* available in a breach of fiduciary duty action).

But "[d]etermining whether a statute alters substantive rights and thereby has retroactive effect 'is not always a simple or mechanical task.'" *Salloum v. Boyd Gaming Corp.*, 137 Nev. 549, 551, 495 P.3d 513, 516 (2021) (quoting *Sandpointe Apartments, LLC v. Eighth Jud. Dist. Ct.*, 129 Nev. 813, 820, 313 P.3d 849, 854 (2013)). Indeed, the distinction between substantive and procedural rules has been characterized as a "logical morass." *Mistretta v. United States*, 488 U.S. 361, 392 (1989). Fundamentally, this distinction—and how it relates to questions of retroactivity—depends less on abstract classification than on context, with a focus on "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Martin v. Hadix*, 527 U.S. 343, 358 (1999); *see Salloum*, 137 Nev. at 551-52, 495 P.3d at 516 (noting the "fundamental notions of fair notice, reasonable reliance, and settled expectations" (internal quotation marks omitted)). It is true that the increase in the attorney fee cap from $3,000 to $15,000 multiplied the risk of pursuing a trial de novo and did so after a trial de novo request was filed. But notice of the rule change was published 67 days before the change took effect.

Appellants argue that they reasonably relied upon the expectation that attorney fees would be capped at $3,000 when they requested a trial de novo. But "[a] statute does not operate 'retrospectively' merely because it . . . 'upsets expectations based in prior law.'" *Sandpointe Apartments*, 129 Nev. at 821, 313 P.3d at 854 (quoting *Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 155, 179 P.3d 542, 553 (2009), and *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994)). The short trial was held over four months after this court issued the order

 

amending the short trial rules in ADKT 0595 and two months after the changes went into effect. Even crediting the argument that the risk of increased attorney fees was substantive, appellants were provided fair notice of the rule change and had ample opportunity to change course to either withdraw the short trial request before incurring that risk or otherwise conform their conduct to the increased risk. *Cf. Martin*, 527 U.S. at 358 (noting that attorneys had the opportunity to withdraw from the case to avoid a lower hourly rate brought about by a newly enacted statute). Further, the policy of discouraging frivolous short trial requests remains the same under both the original and amended rule. Because the parties were provided fair notice of the rule change, any continued reliance on the $3,000 attorney fee cap after the issuance of ADKT 0595 was not reasonable. Therefore, the amendment "did not upset any reasonable expectations of the parties," *Martin*, 527 U.S. at 358, and the district court did not err by applying the amended rule to this case.[2]

## CONCLUSION

The amendment to NSTR 27(b)(4) did not affect the parties' substantive rights but was instead a procedural rule change governing the

---

[2]We recognize other jurisdictions have found that "substantive rights and obligations [regarding] attorney fees . . . vest and accrue as of the time the underlying cause of action accrues," and therefore amendments to attorney fee limitations alter the substantive rights of the parties. *See, e.g., L. Ross, Inc. v. R.W. Roberts Constr. Co.*, 466 So. 2d 1096, 1098 (Fla. Dist. Ct. App. 1985), *approved*, 481 So. 2d 484 (Fla. 1986). But in our view, no party has a vested right in any amount of attorney fees through NSTR 27 until after the short trial, at which point the prevailing party is determined. *See Vested, Black's Law Dictionary* (12th ed. 2024) ("Having become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute . . . .").

available remedy. Thus, the short trial judge did not err by applying the amended rule to this case. We therefore affirm the judgment of the district court.

_____, J.
Parraguirre

We concur:

_____, J.
Stiglich

_____, J.
Pickering